FILED
DECEMBER 3, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCA AMADOR,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK CLEANROOM SERVICES, INC.,<br><br>Defendant. | **07 C 6789**<br><br>**JUDGE KENNELLY**<br>**MAGISTRATE JUDGE VALDEZ**<br><br>Plaintiff Demands<br>Trial by Jury |

### COMPLAINT AT LAW

Plaintiff, FRANCISCA AMADOR ("Amador"), by and through her attorneys, CAFFARELLI & SIEGEL, LTD., complain against Defendant ARAMARK CLEANROOM SERVICES, INC. ("Aramark" or "the Company") as follows:

### NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by the Defendant's failure to advise Plaintiff regarding her FMLA rights, refusal to permit Plaintiff to take a leave of absence from employment, subsequent discharge of Plaintiff from employment, and subsequent retaliation against Plaintiff, all in violation of Section 105 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA").

### JURISDICTION AND VENUE

2. This court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. The unlawful employment practices described herein were committed within the State of Illinois, in Defendant's facility in Burr Ridge, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Francisca Amador, is a resident of Cook County, Illinois. She was employed by Aramark for over 17 years – from June 18, 1990 until her termination on July 11, 2007. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(2)(A) at the time she was terminated. Amador is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii), because Aramark employs more than 50 employees within 75 miles of her worksite.

5. Defendant is a corporation doing business in the state of Illinois, is capable of being sued, is an employer under 42 U.S.C. § 2000(e)(b), and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(e)(h). Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

## FACTUAL ALLEGATIONS

6. Plaintiff began working for Defendant on June 18, 1990. She worked in the Cleanroom Services department, folding and packaging clothing.

7. Throughout her employment, Plaintiff performed her job satisfactorily

8. Throughout her employment, Plaintiff did not have major or recurring problems with attendance until she became pregnant and experienced a high-risk pregnancy with medical complications in 2007.

9. On January 8, 2007, Plaintiff saw her physician because she did not feel well. During her examination, Plaintiff discovered that she was pregnant.

10. Due to complications stemming from her pregnancy, Plaintiff's physician recommended that Plaintiff refrain from work or return only to light duty, due to "complications of her current medical condition." *See* January 8, 2007 physician note, attached as Exhibit A. This note was presented to Plaintiff's manager, Efrain Solivan.

2

11. Plaintiff's pregnancy was a "high risk" pregnancy, complicated by her diabetic condition and other related medical conditions, including recurrent cysts.

12. Plaintiff was medically required to follow a strict regimen of food and medicine intake, including daily shots, in order to maintain her pregnancy.

13. On numerous occasions, Plaintiff informed her manager, Mr. Solivan, regarding her high risk pregnancy and related medical necessities.

14. On June 13, 2007, Plaintiff experienced severe illness due to her high risk pregnancy and medical complications. She called in sick to work and left a message regarding her illness. This procedure had been Defendant's accepted procedure for calling in sick to work and using a sick day.

15. On June 14, 2007, Plaintiff requested permission from Mr. Solivan to immediately take her accrued 3 weeks of paid vacation, to care for her medical condition. She informed him again of her high risk pregnancy, diabetic condition, and related medical complications.

16. Mr. Solivan did not respond to Plaintiff's vacation request on June 14.

17. On June 15, 2007, Mr. Solivan presented Plaintiff with a document dated June 14, 2007 and titled "Attendance Control Policy Letter of Warning," attached as Exhibit B. This notice advised Plaintiff that she had reached level 3 of the attendance policy, and would receive another written warning should she miss another day of work. Plaintiff was required to sign this document.

18. Also on June 15, 2007, Mr. Solivan verbally advised Plaintiff that she had permission to take 3 weeks of vacation.

19. During Plaintiff's vacation, she was informed by Defendant that she would be allowed only 2 weeks and 2 days of vacation; not 3 weeks as originally authorized by Mr. Solivan.

20. Pursuant to Plaintiff's inquiry, Union Steward Flor Rodriguez advised Plaintiff that she did not have to return to work until July 6, 2007. Accordingly, Plaintiff returned to work on that date.

21. On July 10, 2007, Plaintiff was asked to provide proof of need for leave for her June 13 absence, in a manner that did not comply with the FMLA. As described in paragraph 14 above, Plaintiff had called in sick that day to tend to her medical condition, and had advised Defendant of her absence through proper procedures. As such, Plaintiff did not have specific proof for her June 13 absence.

22. Plaintiff was terminated on July 11, 2007, purportedly due to her June 13 absence from work.

23. At no time during Plaintiff's employment, or at any time up to her termination, did Solivan or any other employee of the Defendant inform Plaintiff about the FMLA, her rights to leave under federal law, or any procedures to follow in requesting FMLA leave.

24. Defendant failed to post the legally required FMLA posters.

25. In addition, neither Solivan nor any other employee of the Defendant provided Plaintiff with any FMLA forms or otherwise indicated that Plaintiff should apply for leave. In fact, as described above, Solivan did not even inform Plaintiff of her right to FMLA leave or mention the FMLA when Plaintiff specifically informed him of her high-risk medical condition, and need for time off as a result of it, as late as June 14, 2007.

## COUNT I

## INTERFERENCE WITH FAMILY AND MEDICAL LEAVE ACT RIGHTS

26. Plaintiff incorporates paragraphs 1-25 as though fully re-stated and set forth herein.

27. By June 13, 2007, Plaintiff had been continuously employed by Defendant for nearly seventeen (17) years, and had worked at least 1,250 hours during the twelve months immediately preceding the date her leave or intermittent leave should have begun.

28. On or about June 13, 2007 and continuing until on or about the date of her termination on July 11, 2007, Plaintiff was required to be absent from work due to serious medical conditions stemming from her high-risk pregnancy, diabetes, and other related conditions.

29. Plaintiff's high-risk pregnancy, complications due to her diabetic condition, and other related conditions constitute "serious health conditions" for purposes of the FMLA.

30. Plaintiff was entitled to a family and medical leave in order to care for her health conditions and/or newborn baby, under the FMLA.

31. Aramark failed to provide Plaintiff with the proper FMLA forms or to otherwise notify Plaintiff about her FMLA rights when Plaintiff informed Aramark that she would need to be absent because of her serious health conditions.

32. Aramark failed to inform Plaintiff of, or place Plaintiff on, FMLA leave.

33. On July 11, 2007, Aramark terminated Plaintiff's employment specifically because of her medical condition-related absences, which constitutes both interference and retaliation in violation of the FMLA.

34. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employee benefits, and has suffered and continues to suffer from lack of employment, costs, fees, expenses, and damage to her reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amador respectfully requests that this Court enter judgment in her favor and against Defendant Aramark by:

(a) Declaring that the acts and practices by Defendant as described herein constitute a violation of the FMLA;

(b) Enjoining and permanently restraining these violations of the FMLA;

(c) Awarding Plaintiff back wages and lost benefits due to Defendant's violation of the FMLA;

(d) Directing Aramark to reinstate Plaintiff to her previous position with the Company, including reinstatement of seniority and all benefits, or in the alternative, awarding Plaintiff front pay for a reasonable amount of time until she is able to find comparable work and benefits;

(e) Awarding Amador liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A), and/or in the alternative, awarding Amador interest on any compensation denied or lost to Plaintiff because of Defendant's unlawful acts;

(f) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action, as permitted under the FMLA; and

(g) Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

Dated: December 3, 2007

Alejandro Caffarelli #06239078
Lorraine T. Peeters #06290434
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, Illinois 60601
(312) 540-1230
(312) 540-1231

Respectfully Submitted,

_____
One of Plaintiff's Attorneys

**JURY DEMAND**

Plaintiff demands a jury to hear and decide all issues of fact.

_____
One of Plaintiff's Attorneys